**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RADFORD PANNELL,** § | | |
|     **PETITIONER,** § | | |
| § | | |
| **v.** § | | **CIVIL ACTION NO. 4:05-CV-0147-Y** |
| § | | |
| **DOUGLAS DRETKE, DIRECTOR,** § | | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | | |
| **DIVISION,** § | | |
|     **RESPONDENT.** § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Radford Pannell, TDCJ-ID #902016, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Childress, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

On August 16, 1999, pursuant to a plea agreement, Pannell pled guilty to aggravated assault

with a deadly weapon and burglary of a habitation in cause nos. 0716208D and 0717007A in the Criminal District Court Number One of Tarrant County, Texas, and was placed on ten years' deferred adjudication community supervision. (1State Habeas R. at 18; 2State Habeas R. at 21.[1]) Among other conditions, as a condition of community supervision, the trial court ordered that Pannell serve a period of time in a Shock Incarceration Facility (Boot Camp). (1State Habeas R. at 22; 2State Habeas R. at 25.) On December 2, 1999, the state filed a petition to proceed to adjudication of guilt on the grounds that Pannell had violated various rules of the facility. (2State Habeas R. at 26-27.) On December 10, 1999, the trial court adjudicated Pannell's guilt and sentenced him to ten years' confinement in both cases. (1State Habeas R. at 39; 2State Habeas R. at 35.) He was credited for 273 days time served in cause no. 0716208D and 120 days in cause no. 0717007A. (1State Habeas R. at 32; 2State Habeas R. at 31.) Pannell did not appeal the trial court's judgments adjudicating guilt. (Petition at 3.)

On May 1, 2001, Pannell filed two state habeas applications, one for each conviction, alleging that he was denied credit toward his sentences for time served in pretrial incarceration. (1State Habeas R. at 7; 2State Habeas R. at 7.) On June 27, 2001 and October 29, 2004, the Texas Court of Criminal Appeals denied the applications without written order on the findings of the trial court. *Ex parte Pannell*, Application Nos. 49,535-01 & 49,535-02, at cover. On December 20, 2004, Pannell filed two more state habeas applications raising the same or similar claim, both of which were dismissed by the Court of Criminal Appeals on January 26, 2005. *Ex parte Pannell*,

---

[1]"1State Habeas R." refers to the trial court record for Pannell's state habeas application no. 49,535-01; "2State Habeas R." refers to the trial court record for his state habeas application no. 49,535-02.

Application Nos. 49, 535-03 & 49,535-04, at cover.[2]  On February 23, 2005, Pannell filed this federal petition.[3]  Dretke has filed an answer with supporting brief and documentary exhibits, to which Pannell has not timely replied.[4]

### D. ISSUES

As in state court, Pannell argues that TDCJ has improperly denied him credit for time served in pretrial incarceration.[5]  (Petition at 7.)

### E. RULE 5 STATEMENT

Dretke believes that Pannell has exhausted his available state remedies with regard to the issue raised as required by 28 U.S.C. § 2254(b)(1)(a) and does not move for dismissal on exhaustion grounds.  (Resp't Answer at 3.)

### F. STATUTE OF LIMITATIONS

Instead, Dretke argues that Pannell's petition for writ of habeas corpus is barred by the federal statute of limitations.  (Resp't Answer at 3-5.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).

---

[2] The record does not reflect whether Pannell has sought relief through the prison's time credit dispute resolution process.

[3] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[4] Pannell filed a prior petition under § 2254 in this court complaining that TDCJ denied him pretrial jail time credits toward his sentence for theft in cause no. 0905112W in Tarrant County, Texas.  *Pannell v. Dretke*, Civil Action No. 4:03-CV-1431-A.

[5] In his state habeas applications, Pannell claimed he was denied pretrial jail time credits because TDCJ's time sheet indicated that he was arrested on August 12, 1999, instead of December 21, 1998.  (1State Habeas R. at 7; 2State Habeas R. at 7.)  Pannell's present claim appears to be that TDCJ is denying him pretrial jail time credits because prison records indicate he was incarcerated on March 19, 1999, instead of December 22, 1998, the actual date of his arrest.  (Petition at 7.)

3

Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In effect, Pannell is challenging the trial court's December 10, 1999 judgments adjudicating his guilt and the award of time-served credits in the judgments, thus the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz*, the date on which the judgments adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review.[6]  28 U.S.C. § 2244(d)(1)(A).  Because Pannell did

---

[6]Pannell was, or should have been, fully aware of the factual predicate of his claim no later than December 10, 1999, the date of the judgments adjudicating guilt and setting forth the time to
(continued...)

4

not directly appeal the trial court's judgments, the judgments became final on January 9, 2000, thirty days after his sentences were imposed, and Pannell had until January 9, 2001 to file his federal petition. TEX. R. APP. P. 26.2(a)(1). Pannell is not entitled to tolling of the limitations period during the pendency of his state habeas proceedings, which were filed after the federal limitations period had already expired. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has he asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Pannell's petition filed February 23, 2005 is therefore untimely.[7]

---

[6](...continued)
be credited to his sentences. Pannell does not allege nor does the record support an allegation that he did not, or could not through due diligence, have discovered the fact that he was not given credit for all the time he served in jail before his sentences were imposed at or shortly after the December 10, 1999 judgments were entered. Accordingly, the date of the judgments is the same as the factual predicate date under § 2244(d)(1)(D). As for the other provisions, there are no allegations that the state imposed an unconstitutional impediment to the filing of Pannell's petition for federal relief or that the Supreme Court has announced a new rule(s) applicable to his claim. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(C) do not apply.

[7]Even if Pannell's petition were timely, he would not be entitled to federal habeas relief. The state courts have examined his claim and concluded that Pannell has received all the credit he is entitled to. (1State Habeas R. at 11-12; 2State Habeas R. at 11-12.) Pannell presents no legal argument or evidence to rebut the presumptive correctness of the state courts' adjudication of the issue. *See* 28 U.S.C. § 2254(e)(1). Nor has he alleged and demonstrated a federal constitutional violation. *See id.* § 2254(a). There is no federal constitutional right to credit for time served prior to sentence. *Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978); *Gremillion v. Henderson*, 425 F.2d 1293, 1293-94 (5th Cir. 1970). There is an exception if the denial of credit for presentence confinement in jail effectively extends the total time served beyond the maximum prescribed sentence for the crime when the confinement is the result of an inmate's failure to make bail due to indigence; however, Pannell's sentence plus the time for which he now claims credit is less than the maximum prescribed sentence for his offenses, both of which were classified as second-degree
(continued...)

## II. RECOMMENDATION

Pannell's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 12, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

---

[7](...continued)
felonies. *See Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir. 1974).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 12, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 20, 2004.

                                                                       /s   Charles Bleil  
                                                                      CHARLES BLEIL  
                                                                      UNITED STATES MAGISTRATE JUDGE